**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10079 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-08004-MHM-1 |
| v. | |
| WILLIAM STEINIGER, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10095 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-08004-MHM-2 |
| v. | |
| DIANE GOULDER STEINIGER, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 18, 2011[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BREWSTER, Senior District Judge.[***]

Defendants-Appellants William Steiniger and Diane Goulder Steiniger appeal their convictions for Conspiracy to Defraud the United States and Evasion of Assessment. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not violate the Steinigers' Sixth Amendment right to counsel by granting their requests for self-representation. A criminal defendant who requests self-representation should "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta v. California*, 422 U.S. 806, 835 (1975) (citation and quotation marks omitted). Here, the district court provided detailed warnings about the dangers and disadvantages of self-representation. The court informed the Steinigers of the duties that they would

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Rudi M. Brewster, Senior District Judge for the U.S. District Court for Southern California, sitting by designation.

assume without counsel, and explicitly advised them that proceeding without counsel was risky. Moreover, the district court reasonably concluded that the Steinigers, both of whom are well-educated, understood the dangers of self-representation. Accordingly, the district court did not violate their Sixth Amendment rights by granting their requests for self-representation.

The district court did not abuse its discretion by denying the Steinigers' requests for trial continuances. Such denials must be "fair and reasonable." *United States v. Thompson*, 587 F.3d 1165, 1174 (9th Cir. 2009). The district court fairly and reasonably concluded that the requests for continuances were unwarranted and appeared to be intended to delay trial. *See United States v. Studley*, 783 F.2d 934, 938-39 (9th Cir. 1986) (affirming denial of criminal trial continuance request that had not been made in good faith). Moreover, when the Steinigers first requested self-representation, the district court clearly warned them of the firm trial date. Accordingly, the district court's denial of the continuance requests should not have surprised the Steinigers.

**AFFIRMED.**